UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAWRENCE,  )<br>  )<br>    Plaintiff,  )<br>  v.  )<br>  )<br>MICHAEL J. ASTRUE,  )<br>Commissioner of Social Security,  )<br>  )<br>    Defendant.  )<br>  )<br>  )<br>_____ ) | Case No.: 1:09-cv-00862-JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>ORDER DIRECTING CLERK TO CLOSE ACTION |

Plaintiff Richard Lawrence ("Plaintiff"), is proceeding pro se seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act ("Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings.

**PROCEDURAL HISTORY**

Plaintiff, proceeding *in forma pauperis*, filed his initial complaint in this matter of May 8, 2009. (Doc. 1)  The Court's Scheduling Order was also issued on May 18, 2009. (Doc. 6). By the terms of that order, Plaintiff's had 95 days from service of the administrative record to file an opening brief. (Doc. 6 at 2).

On October 20, 2009, Defendant filed a notice of lodging of the administrative record, which initiated the briefing process described for all parties in the Scheduling Order. Subsequently, the Court granted an extension of the briefing schedule granting Plaintiff until April 2, 2010, to file an opening brief. (Doc. 22). On April 7, 2010, after Plaintiff failed to file an opening brief, the Court issued an Order to Show Cause why sanctions, including dismissal, should not be imposed. (Doc. 18). On April 12, 2010, Plaintiff's counsel filed a response to the OSC, stating she had not been able to reach Plaintiff and requesting permission to withdraw as counsel. On April 14, 2010, the Court issued an order discharging the OSC, granting counsel's request to withdraw, and further granting Plaintiff additional time, until June 2, 2010, to file a pro se opening brief. (Doc. 22).

On June 4, 2010, after the deadline to file an opening brief had again passed, the Court issued a second Order to Show Cause why this action should not be dismissed. (Doc. 23). Plaintiff was given additional time, until June 14, 2010, to either file an opening brief or, in lieu thereof, a motion for extension of time based upon good cause. (Id.). Plaintiff was expressly forewarned that the failure to respond to the OSC would result in dismissal of this action pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed.R.Civ.P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted. The case has been pending for more than a year. It has been in a virtual stall since October 2009, when Defendant lodged the administrative record in this proceeding. The absence of prosecution is entirely the result of Plaintiff's inaction, i.e., his failure to file an opening brief. Despite numerous extensions of time and the Court's efforts to inform and remind Plaintiff of his responsibility in this process (see Scheduling Order and the Orders to Show Cause), Plaintiff still has not taken the action necessary to prosecute his claim for relief.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Although Plaintiff is proceeding pro se and lacks legal expertise, the Court's Scheduling Order informed Plaintiff of the process of the decision, what his responsibilities were as part of that process and the time by which he was to perform those various responsibilities, including when and how changes to the briefing schedule could be made. The court attempted to prompt Plaintiff into action with its Orders to Show Cause. In those orders, the Court outlined the deficits in Plaintiff's performance.

Plaintiff failed to respond to those orders in any fashion.  Under these facts, the Court finds Plaintiff's delay in prosecution of this action is unreasonable.

Alternatives that are less drastic than dismissal do not appear to be realistic under the facts of this case.  Because Plaintiff is proceeding *in forma pauperis*, monetary sanctions are not a viable option.   Given the history of this case, the Court has little confidence that another warning or further admonitions would result in Plaintiff filing of a comprehensible and otherwise adequate opening brief within a relatively short period of time.  The Court has already warned Plaintiff that the failure to file an opening brief and to comply with orders of this Court could result in the dismissal of this action.[1]  (Docs. 22, 23).  The Court has, for all intents and purposes, allowed Plaintiff considerable time to correct his omission.  The earlier cautions, and the Court's generous indulgence of time, have not produced the desired response – an opening brief.  Moreover, Plaintiff has not sought additional time to file his opening brief or to advise the Court in any fashion as to why he has delayed so substantially in meeting his obligations to prosecute this matter.  The Court finds that, under the circumstances of the present case, there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored that consideration into its decision.  The Court is concerned that securing a disposition of this case on the merits will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Order to Show Cause issued on June 4, 2010 IS DISCHARGED.

2. The action IS DISMISSED with prejudice for failure to prosecute and failure

---

[1] A court's warning to a party that his/her failure to obey the court's order has been held to satisfy the 'consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

1 | to follow an order of the Court; and

2 | 3. The Clerk is DIRECTED to close this action because this order terminates the action
3 | in its entirety.

5 | IT IS SO ORDERED.

6 | Dated:   **June 16, 2010**                                          /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE